IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

THE FERTILIZER INSTITUTE ,

    Plaintiff,

  v.

U.S ENVIRONMENTAL PROTECTION
AGENCY and STEPHEN L. JOHNSON,
ACTING ADMINISTRATOR,

    Defendants.

---

Civ. No. 1:05-406(RJL)

## ANSWER

Defendants U.S. Environmental Protection Agency and Stephen L. Johnson, Acting Administrator (collectively, "EPA") hereby submit this answer to the allegations of complaint filed by Plaintiff The Fertilizer Institute ("TFI").

### NATURE OF THE ACTION

1.    The allegations of Paragraph 1 of the complaint characterize TFI's lawsuit and therefore no response is required.

2.    The allegations of Paragraph 2 of the complaint characterize TFI's lawsuit and therefore no response is required.

### PARTIES

3.  EPA is without sufficient information to form a belief as to the truth of the allegations of Paragraph 3, and therefore those allegations are neither admitted nor denied.

4.  EPA admits the allegations of Paragraph 4 of the complaint.

5.  EPA admits the allegations of Paragraph 5 of the complaint.

## JURISDICTION

6.  The allegations of Paragraph 6 assert legal conclusions and therefore no response is required.

7.  The allegations of Paragraph 7 assert legal conclusions and therefore no response is required.

8.  The allegations of Paragraph 8 assert legal conclusions and therefore no response is required.

## VENUE

9.  The allegations of Paragraph 9 assert legal conclusions and therefore no response is required.

## GENERAL ALLEGATIONS

10.  The allegations of the first sentence of Paragraph 10 characterize Plainitff's complaint and therefore no response is required.  The allegations of the second sentence of Paragraph 10 assert legal conclusions and therefore no response is required.

11.  The allegations of Paragraph 11 of the complaint characterize Plaintiff's complaint and therefore no response is required.

12. The allegations of Paragraph 12 of the complaint characterize EPA's response to TFI's petition, which speaks for itself; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with EPA's response.

13. The allegations of Paragraph 13 characterize the Toxic Substances Control Act ("TSCA") which speaks for itself; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with TSCA.

14. The allegations of Paragraph 14 characterize TSCA, which speaks for itself; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with TSCA.

15. The allegations of Paragraph 15 characterize TSCA, which speaks for itself; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with TSCA.

16. The allegations of Paragraph 16 characterize the TSCA, which speaks for itself; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with TSCA.

17. EPA admits that it promulgated a rule on January 7, 2004 (68 Fed. Reg. 848) that amended existing regulations known as the Inventory Update Rule ("IUR"). The remainder of the allegations in Paragraph 17 characterize those amendments which speak for themselves; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with the amendments.

18. EPA admits that the amendments published at 68 Fed. Reg. 848 and codified at 40 C.F.R. section 710 are sometimes referred to as the Inventory Update Rule Amendments

("IURA").  The remainder of the allegations in Paragraph 18 characterize the IURA which speaks for itself; therefore no response is required.  Should a response be required, EPA denies the allegations to the extent they are inconsistent with the IURA.

19. The allegations of Paragraph 19 characterize the IURA which speaks for itself; therefore no response is required.  Should a response be required, EPA denies the allegations to the extent they are inconsistent with the IURA.

20. The allegations of Paragraph 20 characterize the IURA which speaks for itself; therefore no response is required.  Should a response be required, EPA denies the allegations to the extent they are inconsistent with the IURA.

21. EPA admits the allegations of Paragraph 21 of the complaint.

22. The allegations of Paragraph 22 characterize the IURA and the preamble to the IURA found in the Federal Register which speak for themselves; therefore no response is required.  Should a response be required, EPA denies the allegations to the extent they are inconsistent with the preamble to the IURA.

23. The allegations of Paragraph 23 characterize the IURA which speaks for itself; therefore no response is required.  Should a response be required, EPA denies the allegations to the extent they are inconsistent with the IURA.

24. The allegations of Paragraph 24 characterize the IURA which speaks for itself; therefore no response is required.  Should a response be required, EPA denies the allegations to the extent they are inconsistent with the IURA.

25. The allegations of Paragraph 25 characterize the IURA which speaks for itself; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with the IURA.

26. The allegations of Paragraph 26 characterize the IURA which speaks for itself; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with the IURA.

27. The allegations of Paragraph 27 characterize the IURA which speaks for itself; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with the IURA.

28. The allegations of Paragraph 28 characterize the IURA which speaks for itself; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with the IURA.

29. The allegations of Paragraph 29 characterize the IURA which speaks for itself; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with the IURA.

30. The allegations of Paragraph 30 characterize EPA's statements in the Federal Register which speak for the themselves; therefore no answer is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with those statements.

31. The allegations of Paragraph 31 characterize EPA's statements in the Federal Register which speak for the themselves; therefore no answer is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with those statements.

32.     The allegations of Paragraph 32 characterize the IURA which speaks for itself; therefore no response is required.  Should a response be required, EPA denies the allegations to the extent they are inconsistent with the IURA.

33.     The allegations of Paragraph 33 characterize the IURA which speaks for itself; therefore no response is required.  Should a response be required, EPA denies the allegations to the extent they are inconsistent with the IURA.

34.     The allegations of Paragraph 34 characterize the IURA which speaks for itself; therefore no response is required.  Should a response be required, EPA denies the allegations to the extent they are inconsistent with the IURA.

35.     EPA admits that TFI submitted a petition on August 18, 2003.  The remaining allegations of Paragraph 35 characterize that petition, which speaks for itself; therefore no response is required.  Should a response be required, EPA denies the allegations to the extent they are inconsistent with the petition.

36.     The allegations of Paragraph 36 characterize TFI's petition, which speaks for itself; therefore no response is required.  Should a response be required, EPA denies the allegations to the extent they are inconsistent with the petition.

37.     The allegations of Paragraph 37 characterize TFI's petition, which speaks for itself; therefore no response is required.  Should a response be required, EPA denies the allegations to the extent they are inconsistent with the petition.

38.     The allegations of Paragraph 38 characterize materials submitted with TFI's petition, which speak for themselves; therefore no response is required.  Should a response be required, EPA denies the allegations to the extent they are inconsistent with those materials.

39.   The allegations of Paragraph 39 characterize the EPA risk assessment submitted with TFI's petition, which speaks for itself; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with those materials.

40.   EPA admits the allegations of Paragraph 40 of the complaint.

41.   EPA admits the allegations of the first sentence of Paragraph 41.  The remainder of the allegations of Paragraph 41 characterize materials submitted with TFI's petition, which speak for themselves; therefore no response is required.  Should a response be required, EPA denies the allegations to the extent they are inconsistent with those materials.

42.   EPA admits that the OECD countries have agreed on a set of test to characterize chemical behavior.  The remainder of the allegations in Paragraph 42 characterize those tests and therefore requires no response.  Should a response be required, EPA denies the allegations to the extent they are inconsistent with those tests.

43.   The allegations of Paragraph 43 of the complaint characterize the OECD SIDS dossier format and therefore requires no response.  Should a response be required, EPA denies the allegations to the extent they are inconsistent with that format.

44.   The allegations of Paragraph 44 characterize EPA's statements in the Federal Register, which speak for themselves; therefore no response is required.  Should a response be required, EPA denies the allegations to the extent they are inconsistent with those statements.

45.   EPA admits that it did not identify the 14 chemicals at issue for inclusion in the HPV Challenge Program and that TFI did develop and submit dossiers for those chemicals.  The remainder of the allegations in Paragraph 45 of the complaint characterize those submissions and therefore no response is required.

46. EPA is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 46 regarding the date TFI received EPA's response to TFI's petition. The remainder of the allegations of Paragraph 46 assert legal conclusions to which no response is required.

47. The allegations of Paragraph 47 characterize EPA's denial of TFI's petition, which speaks for itself; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with EPA's denial.

48. The allegations of Paragraph 48 assert legal conclusions to which no response is required.

49. The allegations of Paragraph 49 characterize EPA's denial of TFI's petition, which speaks for itself; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with EPA's denial.

50. The allegations the first phrase of Paragraph 50 of the complaint characterize EPA's denial of TFI's petition, which speaks for itself; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with EPA's denial. EPA denies the remaining allegations of Paragraph 50.

51. The allegations of the first sentence of Paragraph 51 of the complaint characterize the OECD SIDS dossier for potassium chloride, which speaks for itself; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with the OECD SIDS dossier. EPA admits that it denied TFI's petition relating to potassium chloride.

52. EPA is without sufficient knowledge or information to form a belief as to the truth of the allegations of the first sentence of Paragraph 52 of the complaint regarding TFI's expectations. EPA admits that it denied TFI's petition relating to ammonium sulfate.

53. EPA is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 53.

54. EPA admits that industry will incur costs in complying with the IURA. EPA denies the remaining allegations of Paragraph 54.

55. EPA is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 55.

56. TFI has failed to identify the source of the allegations on Paragraph 56. EPA has not made final determinations regarding how information collected in IURA will be used, therefore, EPA is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 56.

57. EPA admits the allegations of Paragraph 57 of the complaint.

58. The allegations of Paragraph 58 characterize comments in support of EPA's proposed rule, which speak for themselves; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with those comments.

59. EPA is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 59 of the complaint.

## COUNT I

60. EPA incorporates its responses set forth in Paragraphs 1 through 59 of this Answer.

61. Paragraph 61 of the complaint asserts legal conclusions to which no response is required.

62. Paragraph 62 of the complaint asserts legal conclusions to which no response is required.

63. Paragraph 63 of the complaint asserts legal conclusions to which no response is required.

64. Paragraph 64 of the complaint asserts legal conclusions to which no response is required.

65. Paragraph 65 of the complaint asserts legal conclusions to which no response is required.

66. EPA denies the allegations of Paragraph 66 of the complaint.

67. To the extent the allegations of Paragraph 67 of the complaint characterize the referenced materials, no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with those materials. In addition, EPA denies that it "ignored" any materials in the administrative record.

68. To the extent the allegations of Paragraph 68 of the complaint characterize the referenced materials, no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with those materials. In addition, EPA denies that it "failed to recognize" any materials in the administrative record.

69. To the extent the allegations of Paragraph 69 of the complaint characterize the referenced materials, no response is required. Should a response be required, EPA denies the

allegations to the extent they are inconsistent with those materials. In addition, EPA denies that it "failed to consider" any materials in the administrative record.

70. To the extent the allegations of Paragraph 70 of the complaint characterize the referenced materials, no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with those materials. In addition, EPA denies that it "ignored" any materials in the administrative record.

71. To the extent the allegations of Paragraph 71 of the complaint characterize the referenced materials, no response is required. In addition, to the extent Paragraph 71 of the complaint asserts legal conclusions, no response is required.

72. Paragraph 72 of the complaint asserts legal conclusions to which no response is required.

## COUNT II

73. EPA incorporates its responses set forth in Paragraphs 1 through 72 of this Answer.

74. Paragraph 74 of the complaint asserts legal conclusions to which no response is required.

75. Paragraph 75 of the complaint asserts legal conclusions to which no response is required.

76. Paragraph 76 of the complaint asserts legal conclusions to which no response is required.

## COUNT III

77. EPA incorporates its responses set forth in Paragraphs 1 through 76 of this Answer.

78. Paragraph 78 of the complaint asserts legal conclusions to which no response is required.

79. The allegations of Paragraph 79 characterize regulations found at 40 C.F.R. section 710.46, which speak for themselves; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with the regulations.

80. The allegations of Paragraph 80 characterize regulations found at 40 C.F.R. section 710.46, which speak for themselves; therefore no response is required. Should a response be required, EPA denies the allegations to the extent they are inconsistent with the regulations.

81. Paragraph 81 of the complaint asserts legal conclusions to which no response is required.

82. Paragraph 82 of the complaint asserts legal conclusions to which no response is required.

83. Paragraph 83 of the complaint asserts legal conclusions to which no response is required.

84. The allegations of Paragraph 84 of the complaint are overly vague in that the allegations do not identify what "risk assessments" are intended to be referenced. EPA denies that "disregarded" any risk assessments or reports in the administrative record.

85. EPA denies the allegations of Paragraph 85 of the complaint.

86. Paragraph 86 of the complaint asserts legal conclusions to which no response is required.

81.[sic]   Paragraph 81 of the complaint asserts legal conclusions to which no response is required.

82.[sic]   Paragraph 82 of the complaint asserts legal conclusions to which no response is required.

## PRAYER FOR RELIEF

The numbered paragraphs in this section set forth TFI's request for relief to which no response is required.  To the extent a response is required, EPA denies that TFI is entitled to any relief whatsoever.

## GENERAL DENIAL

To the extent any allegation in the Plaintiff's Complaint has not been admitted or specifically responded to, the United States denies such allegations.

Dated: May 4, 2005                       Respectfully submitted,

                                                           KELLY A. JOHNSON
                                                           Acting Assistant Attorney General
                                                           United States Department of Justice

                                                           _____/s/_____
                                                           LOIS GODFREY WYE
                                                           D.C. Bar No. 429674
                                                           Environment & Natural Resources Division
                                                           Environmental Defense Section
                                                           P.O. Box 23986
                                                           Washington, D.C.  20026-3986
                                                           (202) 514-9277 (t)
                                                           (202) 514-8865 (f)

OF COUNSEL:
Gautam Srinivasan
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

                                                           Attorneys for The United States